STEPHEN F. HOWARD *vs.* SETH D. WILBUR.

A judgment creditor, whose claim accrued before the passage of *St.* 1855, *c.* 238, by levying his execution upon his debtor's right to redeem land, in which he has a right of homestead, from a mortgage given after the passage of *St.* 1857, *c.* 298, and not executed in such form as to release the right of homestead, takes a title in priority to the right of homestead.

PETITION to have an estate of homestead set out to the petitioner, and for partition.

It was agreed in the superior court that the petitioner, being the owner of land in which he had a right of homestead, under *St.* 1855, *c.* 238, mortgaged the same in 1858; and in 1861 George W. Hayward recovered judgment and execution against him, and caused his right in equity to redeem the mortgage to be levied upon, sold and conveyed to the respondent. The debt of Hayward accrued before the passage of *St.* 1855, *c.* 238; and the mortgage was not executed in such form as to release the right of homestead, under *St.* 1857, *c.* 298.

Upon these facts, judgment was rendered in the superior court for the respondent; and the petitioner appealed to this court.

*C. A. Reed*, for the petitioner.

*G. White*, for the respondent.

DEWEY, J. This case obviously presents a question of some embarrassment, as to the legal rights of the several parties and the manner in which the rights of a preëxisting creditor may be enforced, where a homestead exists under *St.* 1855, *c.* 238.

Had the petitioner forborne to embarrass his estate by the mortgage made by him in 1858, the case would have been a plain one, and the mode of levying on the estate unquestioned. The homestead was by statute postponed to the right of all creditors, whose claims accrued before it took effect. The levy would have taken such part of the homestead as was necessary to satisfy the debt, and the surplus would be held for the benefit of the debtor and his family.

But the debtor has, by the execution of his mortgage deed, changed the nature of his interest from that of absolute owner to that of a mere holder of an equity of redemption, and thus created the right, if not the necessity, of his creditor's levying upon the equity of redemption.

It is then said, however, that by force of *St.* 1857, *c.* 298, inasmuch as his wife did not join in the mortgage as a party to release the right of homestead, this mortgage only covers his interest in the real estate, subject to the right of homestead And this might have been so, as to all his creditors who became such after the existence of the homestead right. Such creditors would be confined to a levy upon a right of redemption of that qualified character, and such sale on a levy of execution would not defeat the homestead right.

But as regards the creditor who made this levy on the equity of redemption, there was no homestead right. The homestead right does not exist as a prior right, as against preëxisting creditors. Hence such a creditor may treat the title as one unincumbered by a homestead, when he proceeds to make a levy, and if he finds the debtor's interest in the premises to be that of an equity of redemption, he may sell it as such, without excepting the homestead privilege.

Such a course of proceeding can only be authorized where prior debts exist, to which it was the policy of the law to give a preference to the homestead right. And its effect in defeating the homestead right may be avoided by the exercise of the debtor's right to redeem the sale of his equity within one year.

Upon the case presented by the petitioner, in the opinion

of the court, he has failed to show that he is entitled to have a homestead set off to him, as prayed for in his petition.

*Judgment for the respondent.*